

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DANA BURGIN, individually and as surviving spouse of CARLTON BURGIN, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | |
| (2) LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign corporation, | ) ) ) | |
| Defendant. | ) | |

**FILED**

MAY 0 4 2015

**Phil Lombardi, Clerk**
**U.S. DISTRICT COURT**

**1 5 CV - 2 3 9 CVE - PJC**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Liberty Mutual Fire Insurance Company ("Defendant") hereby removes the above-captioned action from the District Court of Pawnee County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. In support of this removal, Defendant states as follows:

1.      On April 13, 2015, Plaintiff Dana Burgin ("Plaintiff") commenced an action in the District Court of Pawnee County, Oklahoma, entitled *Dana Burgin v. Liberty Mutual Fire Insurance Company*, as Case No. CJ-2015-24 (the "State Court Action"). A true copy of the state court docket sheet is attached as Exhibit 1. All process, pleadings, and orders filed or served in the State Court Action are attached hereto as Exhibits 2 and 3.

1

Fees Pd

2.     Upon information and belief, Plaintiff is a resident of Pawnee County, Oklahoma.   Defendant Liberty Mutual Fire Insurance Company is a company organized under the laws of the State of Wisconsin with its principal place of business in Boston, Massachusetts.

3.     A companion case arising out of the same motor vehicle accident, *William Burgin v. Liberty Mutual Fire Insurance Company*, Case No. 15-cv-00186-GKF-TLW, was filed in the Northern District of Oklahoma on April 10, 2015.  A copy of that Complaint is attached hereto as Exhibit 4.

4.     In accordance with 28 U.S.C. § 1446(b)(1), this action has been removed within thirty (30) days of the filing of Plaintiff's Petition on April 13, 2015.

5.     The Northern District of Oklahoma includes the state judicial district in which Plaintiff filed her Petition.

6.     This is a civil action over which this Court has original jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

7.     Plaintiff's Petition asserts a cause of action for breach of an insurance contract and breach of the duty of good faith and fair dealing in the handling of a claim on an insurance policy.   The amount in controversy for each cause of action exceeds $75,000, exclusive of interest and costs. (*See* Petition, at ¶ 18).

2

8.      Contemporaneous with Defendant's filing of this Notice, Defendant will serve written notice via the CM/ECF system to Plaintiff's counsel of the filing, as required by 28 U.S.C. § 1446(d).

9.      Defendant Liberty Mutual Fire Insurance Company shall likewise file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Pawnee County, State of Oklahoma, as required by 28 U.S.C. § 1446(d).

## CONCLUSION

Defendant Liberty Mutual Fire Insurance Company respectfully requests that the State Court Action be removed from the District Court for Pawnee County, Oklahoma, to the United States District Court for the Northern District of Oklahoma, and proceed as an action properly removed thereto.

Respectfully submitted,

William W. O'Connor, OBA No. 13200
Jerrick L. Irby, OBA No. 30876
Lindy H. Collins, OBA No. 30579
Margo E. Shipley, OBA No. 32118
**NEWTON O'CONNOR TURNER & KETCHUM, P.C.**
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 telephone
(918) 587-0102 facsimile
boconnor@newtonoconnor.com
jirby@newtonoconnor.com
lcollins@newtonoconnor.com
mshipley@newtonoconnor.com

**ATTORNEYS FOR DEFENDANT,
LIBERTY MUTUAL FIRE INSURANCE
COMPANY**

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Donald E. Smolen
Laura M. Lauth

**ATTORNEYS FOR PLAINTIFF**

William W. O'Connor

# EXHIBIT 1

| Case Information | Offense or Cause |
|---|---|
| **BURGIN, DANA vs. LIBERTY MUTUAL FIRE INSURANCE** | # BREACH AGREEMENT/CO⊓ |

| | |
|---|---|
| *Case Identifier* | Pawnee OK — CJ-2015-00024 |
| *Type of Case* | Civil Cases in which the relief sought exceeds $10,000 |
| *Date Filed* | 04/13/2015 |
| *Amount Owed* | $0.00 (as of 05/04/2015 12:20pm) |

‹                                                                     ›

## Parties Involved

| | |
|---|---|
| **Defendant** | LIBERTY MUTUAL FIRE INSURANCE |
| **Plntf Atty.** | LAUTH, LAURA *of Tulsa OK* |
| **Judge** | PICKERILL, PATRICK M |
| **Plaintiff** | BURGIN, DANA |

## Case entries

| Date | Description | Amount |
|---|---|---|
| 04/13/2015 | FILE & ENTER PETITION | $163.00 |
| | (Entry with fee only) | $6.00 |
| | (Entry with fee only) | $2.00 |
| | Oklahoma Court Information System Fee - Effective 07/01/04 | $25.00 |
| | LENGTHY TRIAL FUND FEE | $10.00 |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 |
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 |
| 04/13/2015 | ISSUE SUMMONS RTA LIBERTY MUTUAL FIRE INSURANCE CO | $5.00 |
| 04/17/2015 | FILE RETURNED ORIGINAL SUMMONS LIBERTY MUTUAL AND PROOF OF SERVICE BY FED EX | |
| **Grand Total** | | **$218.70** |

## Receipts

| Date | Description | Amount |
|---|---|---|
| **Grand Total** | | **$218.70** |

| Date | Description | Amount |
|------|-------------|--------|
| 04/13/2015 | R5-094539 SMOLEN & SMOLEN | $218.70 |
| **Grand Total** | | **$218.70** |

# EXHIBIT 2

4472

IN THE DISTRICT COURT OF PAWNEE COUNTY
STATE OF OKLAHOMA                         ISSUE  RTA

DATE  4-13-15

DANA BURGIN, INDIVIDUALLY AND            )
AS SURVIVING SPOUSE OF CARLTON           )
BURGIN,                                  )
                                         )
            Plaintiff,                   )        Case No.:
                                         )
v.                                       )
                                         )        ATTORNEY LIEN CLAIMED
LIBERTY MUTUAL FIRE INSURANCE            )
COMPANY, a Foreign Corporation,          )
                                         )
            Defendant.                   )

RECEIVED
OKLAHOMA INSURANCE DEPARTMENT
APR 1 5 2015
Legal Division

## ORIGINAL SUMMONS

**SERVE  BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

        Liberty Mutual Fire Insurance Company
        John D. Doak, Insurance Commissioner
        Oklahoma Insurance Department
        ATTN: Legal Department
        Five Corporate Plaza
        3625 NW 56th, Suite 100
        Oklahoma City, OK 73112-4511

To the above-named Defendant(s)

        You have been sued by the above named plaintiff(s), and you are directed to file a written
answer to the attached petition and order in the court at the above address within twenty (20) days
after service of this summons upon you exclusive of the day of service. Within the same time, a
copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer
the petition within the time stated judgment will be rendered against you with costs of the action.

        Issued this  13  day of  April      , 2015

                                    County Court Clerk

                            By  Y Meredith Crisp

                                    Deputy Court Clerk

(Seal)

        This summons and order was served on

                                    _____
                                    (Signature of person serving summons)

        YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED
WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED
IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT
STATED IN THIS SUMMONS.

                        **Return ORIGINAL for filing.**

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of_____, 2015, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

Name of Defendant_____ Address_____ Date of Service_____

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of_____, 2015, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

I certify that I received the foregoing Summons this _____ day of _____, 2015. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2015.
By:
Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of_____, 2015.
My Commission Expires:
Seal                                                    _____
                                                         Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2015, and receipt thereof on the dates shown:

Defendant_____ Address Where Served_____ Date_____
Receipted_____ Signature of person mailing summons_____

# EXHIBIT 3

IN THE DISTRICT COURT OF PAWNEE COUNTY
STATE OF OKLAHOMA

```
FILED
In the District Court
PAWNEE COUNTY, OKLAHOMA
APR 1 3 2015
JANET DALLAS, Court Clerk
BY_____
                          DEPUTY
```

DANA BURGIN, INDIVIDUALLY AND    )
AS SURVIVING SPOUSE OF CARLTON   )
BURGIN,                          )
                                 )
              Plaintiff,         )     Case No.: CJ-15-24
                                 )
v.                               )
                                 )     ATTORNEY LIEN CLAIMED
LIBERTY MUTUAL FIRE INSURANCE    )
COMPANY, a Foreign Corporation,  )
                                 )
              Defendant.         )

## PETITION

COMES NOW the Plaintiff, Dana Burgin, by and through her attorney of record, Donald E. Smolen, II, and for her cause of action against Liberty Mutual Fire Insurance Company ("Liberty") sets forth and states as follows:

### PARTIES, JURISDICTION & VENUE

1.      Plaintiff is a citizen of the State of Oklahoma.

2.      Defendant Liberty is a foreign corporation conducting regular business in Pawnee County, Oklahoma.

3.      The acts, occurrences and omissions complained of herein occurred in Pawnee County, Oklahoma.

4.      This court has jurisdiction and venue is proper in Pawnee County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5.      Paragraphs 1-4 are incorporated herein by reference.

6.      On or about July 17, 2011, Plaintiff was involved in a motor vehicle accident as a result of the negligence of a Pawnee County Deputy Sheriff.

1

7.      This collision resulted in Plaintiff sustaining significant personal injuries, including medical bills in excess of $200,000.00, as well as the untimely death of her husband, Carlton Burgin.

8.      Damages against the tortfeasor were limited under the Oklahoma Government Tort Claims Act ("GTCA"), 51 O.S. section 151 *et. seq.* to $125,000.00 per person.  As such, the tortfeasor was clearly underinsured.

9.      On July 17, 2011, Plaintiff and Carlton Burgin were the beneficiaries of a contract with Defendant Liberty where the Defendant was to provide underinsured motorist coverage in accordance with policy number AO2-298-294662-40.

10.     Defendant Liberty has allegedly been investigating Plaintiff's claims from July 31, 2011 to the present.

11.     Plaintiff has repeatedly made demand upon Defendant Liberty to pay the benefits owed to her husband's estate under the aforementioned policy of uninsured motorist benefits.

12.     Defendant Liberty has offered to tender the underinsured motorist benefits, however, has made said tender contingent upon: (A) Carlton Burgin, deceased, executing a release that relinquishes any right the insured may have under said policy as a result of the July 17, 2011 accident; (B) Defendant Liberty maintaining its right of subrogation against the proceeds available under the GTCA; and (C) providing confirmation of available coverage on a 2002 Toyota UCS owned by a Janice Moore, insured by American National Property Casualty, a vehicle neither owned by the Burgin Family, nor occupied by the Burgin Family on July 17, 2011.

13.     Additionally, Defendant Liberty has failed to tender the underinsured motorist benefits owed to Plaintiff.

2

14.     Plaintiff relied on Defendant Liberty properly handle the claim(s) and make payment on the applicable claims pursuant to the aforementioned insurance policy. Plaintiff has met all of the conditions precedent for payment of claims under the insurance policy.

15.     Defendant has unreasonably failed and refused to pay the benefits owed under the insurance policy.

## CAUSES OF ACTION

16.     Paragraphs 1-15 are incorporated herein by reference.

17.     In its handling of Plaintiffs' claims for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached the contract and its duty to deal fairly and in good faith towards Plaintiff in the following respects:

    a.   Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

    b.   Withholding payment of benefits to the Plaintiff and her husband's estate knowing that Plaintiff's claim for those benefits was valid;

    c.   Refusing to honor Plaintiff's claim without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

    d.   Unreasonably delaying payment of benefits without reasonable basis;

    e.   Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

    f.   Intentionally and recklessly misapplying the provisions of the insurance policy;

g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

h. Failing to properly investigate the Plaintiff's claim for benefits, as well as the Estate of Carlton Burgin's claim for benefits;

i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff; and

k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim, as well as the claim of her husband's estate.

18.     As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship, all of which are in excess of seventy five thousand dollars ($75,000.00.)

19.     Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant Liberty and grant her the relief sought including, but not limited to, actual damages in excess of seventy five thousand dollars ($75,000.00), costs, pre-judgment interest, attorney's fees, punitive damages in excess of

4

seventy five thousand dollars ($75,000.00), post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted by,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Donald E. Smolen, II OBA #19944
Laura M. Lauth, OBA #22619
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorney for Plaintiff*

5

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) WILLIAM BURGIN, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 15-cv-00186-GKF-TLW |
| | ) | |
| v. | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| (1) LIBERTY MUTUAL FIRE INSURANCE | ) | JURY TRIAL DEMANDED |
| COMPANY, a Foreign Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, William Burgin, by and through his attorney of record, Donald E. Smolen, II, and for his cause of action against Liberty Mutual Fire Insurance Company ("Liberty") sets forth and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of the State of Oklahoma and resides in Tulsa County, Oklahoma, in this judicial district.

2. Defendant Liberty is a foreign corporation doing business in Oklahoma with substantial ties to this judicial district.

3. The acts, occurrences and omissions complained of herein occurred in Pawnee County, Oklahoma, within this judicial district.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different States.

1

5. Venue is appropriate in the Northern District under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### FACTS COMMON TO ALL CLAIMS

6. Paragraphs 1-5 are incorporated herein by reference.

7. On or about July 17, 2011, Plaintiff was involved in a motor vehicle accident as a result of the negligence of a Pawnee County Deputy Sheriff.

8. This collision resulted in Plaintiff sustaining significant personal injuries, including medical bills in excess of $270,000.00, as well as the untimely death of his son, Carlton Burgin.

9. Damages against the tortfeasor were limited under the Oklahoma Government Tort Claims Act ("GTCA"), 51 O.S. section 151 *et. seq.* to $125,000.00 per person. As such, the tortfeasor was clearly underinsured.

10. At the time of the accident on July 17, 2011, Plaintiff was a passenger in a 2003 Toyota Camry, owned by Dana and Carlton Burgin, insured by Defendant Liberty, policy number AO2-298-294662-40. Plaintiff, at all relevant times hereto, was the beneficiary of this contract with Defendant Liberty where the Defendant was to provide underinsured motorist coverage in accordance with said policy.

11. Defendant Liberty investigated Plaintiff's claim for underinsured motorists benefits between July 31, 2011 and August 5, 2014.

12. On August 5, 2014, Defendant Liberty made the decision to deny Plaintiff coverage under the applicable policy of underinsured motorists benefits.

2

13. Contrary to Oklahoma law, said decision was predicated upon Defendant Liberty's conclusion that Plaintiff did not "meet the Insuring Agreement's definition of an 'insured' under Carlton Burgin's policy" and was not "occupying a covered auto under this [Carlton Burgin's] policy".

14. As such, Defendant Liberty has failed to tender the underinsured motorist benefits owed to Plaintiff.

15. Plaintiff relied on Defendant Liberty to properly handle his claim and make payment on the applicable claim pursuant to the aforementioned insurance policy. Plaintiff has met all of the conditions precedent for payment of claims under the insurance policy.

16. Defendant has unreasonably failed and refused to pay the benefits owed under the insurance policy.

## CAUSES OF ACTION

17. Paragraphs 1-16 are incorporated herein by reference.

18. In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached the contract and its duty to deal fairly and in good faith towards Plaintiff in the following respects:

    a. Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

    b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

3

   c. Refusing to honor Plaintiff's claim without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

   d. Unreasonably delaying payment of benefits without reasonable basis;

   e. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

   f. Intentionally and recklessly misapplying the provisions of the insurance policy;

   g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

   h. Failing to properly investigate the Plaintiff's claim for benefits;

   i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

   j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff; and

   k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

19. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment,

medical expenses and financial hardship, all of which are in excess of seventy five thousand dollars ($75,000.00.)

20. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant Liberty and grant him the relief sought including, but not limited to, actual damages in excess of seventy five thousand dollars ($75,000.00), costs, pre-judgment interest, attorney's fees, punitive damages in excess of seventy five thousand dollars ($75,000.00), post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted by,

SMOLEN, SMOLEN & ROYTMAN, PLLC

/s/Donald E. Smolen, II
Donald E. Smolen, II OBA #19944
Laura M. Lauth, OBA #22619
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorney for Plaintiff*

5